## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

IBEW Local 648 Pension Plan, *et al.*,

    Plaintiffs,

        v.                        Case No.  1:05cv730

Wye Delta Electric, *et al.*,            District Judge Michael H. Watson

    Respondent.

### ORDER ADOPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

Before the Court is the May 23, 2006 Magistrate Judge Hogan's Report and Recommendation (hereinafter "Report") (Doc. 9).

The parties were given proper notice, pursuant to  28 U.S.C. § 636(b)(1)(C), including notice the parties would waive further appeal if they failed to file objections to the Report in a timely manner.  See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  To date, no objections to the Report were filed.

In the Report, Magistrate Judge Hogan recommended that:

1.      the April 24, 2006 Motion of Plaintiffs, IBEW Local 648 Pension Plan, IBEW Local 648 Health and Welfare Plan, IBEW Local 6, National Electrical Benefit Fund, National Electrical Annuity Plan, and IBEW 648 JATC Fund (hereinafter collectively "Plaintiffs") Motion for Default Judgment against Defendants Wye Delta Electric, Donald T. O'Keefe and Marilyn K. O'Keefe (hereinafter collectively "Defendants") (Doc. 8) be GRANTED and default judgment be entered against Defendants;

2.    Defendants be ordered, within thirty (30) days of any Order adopting this Report, to fully cooperate with Plaintiffs' auditor and make available for inspection its books and financial records and other information necessary for the completion of such audit for a calculation of delinquent fringe benefit contributions;

3.    Plaintiffs, within sixty (60) days after they have completed their review of Defendants' books, financial records and other discovery deemed necessary in this case, submit to the Court proof of their damages, including the plan documents on Plaintiffs' entitlement to interest and liquidated damages, a clarification as to the amount of liquidated damages Plaintiff seeks, proof of attorney fees and costs, and briefing in support thereof.

Upon *de novo* review of this matter, pursuant to 28 U.S.C. §636, the Court finds no error in the Report.  Accordingly, the Report (Doc. 9) is hereby **ADOPTED**; the April 24, 2006 Motion of Plaintiffs for Default Judgment against Defendants (Doc. 8) is hereby **GRANTED;** Defendants are hereby **ORDERED**, within thirty (30) days of this Order, to fully cooperate with Plaintiffs' auditor and make available for inspection its books and financial records and other information necessary for the completion of such audit for a calculation of delinquent fringe benefit contributions; Plaintiffs are hereby **ORDERED**, within sixty (60) days after they have completed their review, to submit to the Court proof of their damages, including the plan documents on Plaintiffs' entitlement to interest and liquidated damages, a clarification as to the amount of liquidated damages they seek, proof of attorney fees and costs, and briefing in support thereof.

1:05cv730

Upon submission of this documentation, the Court will determine whether to conduct a hearing before entering a judgment on the amount of delinquent contributions, interest, liquidated damages, attorney fees and costs pursuant to Fed. R. Civ. Pro. 55(b)(2).

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**